# Robert M. Simels

Counsellors at Law

230 Park Avenue

10th Floor

New York, New York 10169

Tel. 212-369-3900

Fax: 212-369-4516

E-Mail: robert@simelslaw.com

Website: www.simelslaw.com

May 26, 2009

Hon. Edwin M. Kosik
U.S. District Court Judge
United States District Court
Middle District of Pennsylvania
William J. Nealon Federal Building
& Federal Courthouse
235 N. Washington Avenue
Scranton, PA 18501

> Re:  U.S. v. Sergey Korznikov, et. al.
>      Criminal No. 3:08-cr-00228-EMK

Dear Judge Kosik:

Unfortunately, I am required to respond to the letter submitted yesterday by AUSA Fawcett, addressing issues that I had hoped to resolve without further court intervention. However, it is clear from a reading of Ms. Fawcett's letter that the Court will have to resolve this matter.

What is transparent from Ms. Fawcett's opposition to the relief sought by Mr. Korznikov, is that the government wishes to obtain its continuance in this case for two months, without being willing to consider that Mr. Korznikov is a foreign national detained here by order of the United States, and wishes to exercise his right to a Speedy Trial. If that opportunity is impacted by the government's unavailability (as their motion asserts), or through other circumstances resting with the U.S. Attorney's Office, then it is reasonable that Mr. Korznikov should be granted alternative relief.

Here, we have proposed that Mr. Korznikov be permitted to return home pending trial. While the government asserts that this is unacceptable, relations between Russian and U.S. law enforcement agencies have dramatically improved in the past decade. Mr. Korznikov has agreed

*Robert M. Simels, P.C.*

that he would be willing to abide by any conditions imposed by the Court, including, but not limited to, waiving extradition, reporting daily to the U.S. Embassy, and to agree to other conditions to satisfy the court he will return for trial. Short of that relief, we have tendered that the Court should modify Mr. Korznikov's release conditions by reducing the $150,000 security bond to $25,000 to permit him to pay for counsel fees, and other costs associated with his continued stay in the United States.

Mr. Korznikov entered the United States in January 2008 with a passport and an appropriate I-94 form. The passport was taken from him at the time of his arrest. While Mr. Korznikov attempted to comply with INS rules and filed for an extension of his I-94, no response was received. We were informed by the government attorney and case agent, that he would receive no further documentation as his status is being determined by Homeland Security. Thus, Mr. Korznikov has no "legal" status in the United States.

For more than a year Mr. Korznikov has attempted to open a bank account in a U.S. bank without success. We have repeatedly sought from the government to facilitate his opening a bank account by having an agent or pre-trial services accompany him to a bank with a copy of his passport. The government has rejected those overtures.

The Pennsylvania Department of Transportation rules require someone using a foreign driver's license to obtain a Pennsylvania driver's license after one year. Mr. Korznikov has sought to have the government provide his passport to obtain a driver's license. That overture has also been rejected by the government.

I am not aware of the basis for the "ICE" agent to conclude that a valid copy of a passport will not result in the opportunity for a bank account, or obtaining a driver's license from the Department of Transportation. You do not need a social security number to open a bank account, but you need is valid identification, e.g., an international passport. Mr. Korznikov informs me that he went to the Citizens bank in Nanticoke and was advised that if he presented his passport he could open an account.

You do not need a social security number to get a driver's license from the Department of Transportation. I have reviewed the website for the Department of Transportation, and since Mr. Korznikov does not fit into any category described therein, he must provide, at a minimum, his passport, or a certified copy of same.

Further, the government asserts that a reduction of the bond would "make it that much easier for the defendant to leave the U.S." By contrast, it is dispositive of Mr. Korznikov's intent to leave the U.S. that he has not fled in the 17 months since his arrest and voluntarily appeared in the U.S. in January 2008 knowing of the government's pending investigation of him.

*Robert M. Simels, P.C.*

We would ask that the Court resolve this matter to insure Mr. Korznikov's Speedy Trial rights, and/or in the alternative, modifying his release conditions as requested.

Respectfully yours,

Robert M. Simels